IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50243
Summary Calendar
_____

VINCENT D. COLBERT,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional
Division; TERRY FOSTER,
Warden; ISRAEL ALVAREZ,
Asst. Warden; MAJOR
B. HORN; PIERCE, Captain;
PACHACHE, Field Lt.;
MCCRYEY, Field Sgt.;
THURMAN, Co. III Field
Office; S. SCHMIDT,
Substitute; FALCON, Co.
III Field Office; WEATHERBY,
Grievance, Lt.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-96-CV-30
- - - - - - - - - -
June 17, 1998
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Vincent D. Colbert, Texas prisoner # 676129, argues that the district court erred in granting the defendants' motion to dismiss his 42 U.S.C. § 1983 complaint for failure to state a claim.

Colbert argues that the district court erred in dismissing his claims that 1) he was denied due process during his disciplinary proceedings; 2) prison officers violated the <u>Ruiz</u>[**] decree in allowing inmates to direct and discipline other inmates; 3) prison officers endangered the lives of Colbert and other inmates by allowing inmates to fight; and 4) prison supervisory officials have failed to train properly the field officers.

Colbert alleged for the first time in an amended complaint incorporated into his brief violation of his rights under the Thirteenth Amendment, federal statutes, and prison regulations. Colbert also named additional defendants in this pleading. Because Colbert failed to brief these additional claims or to make specific arguments with respect to his claims against these additional defendants, these claims are not properly before this court.  See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

---

[**]  <u>Ruiz v. Estelle</u>, 503 F. Supp. 1265 (S.D. Tex. 1980), <u>affirmed in part and vacated in part</u>, 679 F.2d 115 (5th Cir. 1982), <u>amended in part and vacated in part</u>, 688 F.2d 266 (5th Cir. 1982).

We have reviewed the record, including the briefs of the parties, and affirm the dismissal of Colbert's due process claim based on his failure to show that disciplinary action taken against him has been invalidated in state proceedings.  See Edwards v. Balisok, 117 S. Ct. 1584, 1588-89 (1997).

Colbert's claim that the prison officers violated the Ruiz remedial decree by allowing inmates to convey orders to other inmates on the work line, standing alone, cannot serve as a basis for a civil rights claim under § 1983.  See Green v. McKaskle, 788 F.2d 1116, 1122-24 (5th Cir. 1986).

Colbert's allegations that the field officers endangered the lives of Colbert and the other inmates fails to state a claim because the officers took action to quell the impending riot and to protect Colbert and the other inmates from a substantial risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Further, Colbert's allegations reflect that he did not sustain any physical injury as a result of the incident.  See 42 U.S.C. § 1997e(e).

Colbert failed to allege facts showing deliberate indifference on the part of any particular supervisory official.  See Doe v. Taylor Ind. Sch. Dist., 15 F.3d 443, 453 (5th Cir. 1994)(en banc).

The district court did not err in dismissing Colbert's complaint for failure to state a claim.

Colbert's motion to file a supplemental pleading and other documents is DENIED.  His motion for injunctive relief and request for a criminal investigation is also DENIED.

AFFIRMED.